**United States District Court for the Northern District of Illinois**

**RECEIVED**
JUL 25 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**Jamie Hollingsworth**
**Plaintiff**
**vs**
**Judge Jeffrey Allen**
**in his official Capacity**
**Defendant**

1:16-cv-07530
Judge Rebecca R. Pallmeyer
Magistrate Judge M. David Weisman

**COMPLAINT**

I. Plaintiff claims federal jurisdiction pursuant to Article III section 2 which extends the jurisdiction to cases arising under the U.S. Constitution.
II. Plaintiff brings this suit pursuant to Title 42 U.S. Code 1983 for violations of certain protections guaranteed to him by the Sixth and Fourteenth Amendments of the Federal Constitution, by the defendant under the color of law in his capacity as a Circuit Court Judge in the County of Will.
III. Plaintiff Jamie Hollingsworth is a natural person residing at 2713 Ruth Fitzgerald Dr. Plainfield, Illinois 60586. Will County Illinois
IV. Defendant is a Judge presiding at River Valley Justice Center 3200 W. McDonough Street, 2nd Floor Joliet, IL 60435.

**Statement of Case**

On or around November 2, 2015 I, Jamie Hollingsworth saw Judge Allen looking for allocution of funds from my children's trust funds. Judge Allen's distain for me has been obvious from the onset of the first standing in his court room. His bias for me as a women who has been living below the Federal poverty level, coupled with the fact that I was pregnant with a bi-racial child. My daughters father is an African American and Judge Allen conduct has been so erroneous it shocks the conscience.

1. On November 2, 2015 I requested allocution of funds and a GAL was appointed. I requested funds due to my home being inhabitable, to provide Christmas presents, and clothes for my children. I live below the Federal indigency guidelines. I also was requesting funds to pay for the real estate taxes on my home to provide a continued roof over our heads.
2. On November 24, 2015 I received $450 for property taxes, $300 on clothing and $250 for Christmas gifts per child. I was told I would have to repay all funds. The GAL told me a Republican judge would not allocate any funds for my home based on the repairs needed and I would be lucky to get anything. The next court date was given and the judge informed me short of being in labor in his courtroom I would need to be present.
3. On Feb. 16, 2016 vouchers were to be presented. I missed the court date due to being sick. (My daughter was born on Feb 25, 2016) I was informed April 11, 2016 was the new court date.
4. On April 6 and 7, 2016 an emergency petition for guardianship and appearance was added to this case. On April 7, 2016 my mother left me messages. In one of the messages I was told to give up custody or I would be evicted. A violation of 720 ILCS 5/32 (chapter 38 paragraph 32-4 B)

5. On April 11, 2016 the vouchers were continued and the emergency motion was heard. Judge Allen was to hear the motion filed by my parents. Ms. Helenhouse filed a motion stating my "inability to control my live in boyfriend and his son". Ms. Helenhouse went into the courtroom and argued that the Department of Children and Family Services had given my parents custody of my daughter. She stated that my parents had been into DCFS to obtain paperwork numerous times but were unable to get any paperwork. I had my parents "helping" with my daughter due to concerns about her mental health and the safety of my other children. I was also very scared to lose the property that I paid for and was not deeded into my name. I lost a child and this is the only thing I have left of the funds I was given. I gave my parents what they wanted in hopes to get a deed to my property and readdress the situation with my daughter afterwards. As I have always believed that the Judicial System was fair. Judge Allen granted the motion with prejudice.
6. On the same day, Mr. Brown, my daughters father, filed and was granted to emergency orders of protection. One was against Mr. Bishop and the other against, my daughter, Alyssa Shirley. Ms. Shirley attempted to stab Mr. Brown and two of my other children ages 5 and 7, while I was hospitalized from having a new bi-racial, baby.
7. On April 18, 2016 Pennie Helenhouse filed a Motion to Consolidate.
8. On April 22, 2016 Ms. Helenhouse is also a frequently appointed friend of the court in Judge Allen's courtroom. Mr. Brown objected because minor, Alyssa Shirley already had a GAL. Over Mr. Brown's objections, Alyssa Shirley was given a lawyer and the consolidation was done. Judge Allen wanted to hear both Orders of Protection. So 16 OP 677, 16 OP 676, and my original 12 P 543 were all before Judge Allen. Mr. Brown filed his objections and handed them to Judge Allen along with hospital paperwork that I provided as legal guardian of Alyssa Shirley at the time. Judge Allen asked Mr. Brown if he was a lawyer. When Mr. Brown said no, he stated then don't hand me anymore paperwork. Judge Allen impounded all the hospital documentation. (Adams vs United States ex. Rel McCann) The Supreme Court ruled that the right to counsel and the right to proceed pro se are correlative.
9. On May 6, 2016 in open court, Judge Allen stated it had been over 10 years since he's proceeded over an Order of Protection. The order of protection was heard in front of Judge Allen whom is a probate judge. During the preceding minor, Alyssa Shirley's lawyer Ms. Maloney, who is also a GAL in Judge Allen's courtroom, had a mugshot of another African American male with the same name and different spelling. Minor, Alyssa Shirley, wrongly identified the man as being Mr. Brown, whom she shared a home with for almost a year. For impeachment purposes, Ms. Maloney tried to ask Mr. Brown if he had been convicted of a Battery on a Peace Officer. Mr. Brown stated no, and Ms. Maloney attempted then to bring in a picture of the wrong man.
10. At the conclusion of the hearing even though Minor, Alyssa Shirley, signed a contract not to do harm to herself and others, and said the incident never took place.The contract stated that she was to stay away from sharp objects. The SASS workers recommendation was to continue therapy and medication per Judge Allen's COURT ORDER, only Ms. Maloney was allowed to use this evidence. Judge Allen denied the order of protection and stated that the only person who was in imminent danger was Minor, Darcy Hollingsworth, even when Minor Darcy Hollingsworth ran behind Mr. Brown while Minor, Alyssa Shirley continued to advance towards Mr.Brown with two Butcher knives in hand. Darcy Hollingsworth was also covered under the order of Protection, which didn't stop Judge Allen from denying the interm order of protection.
11. Mr. Brown then fired his attorney due to his refusal to letting children testify and feeling he had inadequate council. This was before the second hearing started. Once Mr. Brown informed Judge Allen he fired his attorney, and asked for a short continuance to obtain

council that would represent him adequately, Judge Allen stated that Mr. Brown could proceed pro se even after his stern warning at the last court date not to do anything without an attorney. He wouldn't recognize anything not done by an attorney. Mr. Brown could not question himself, so he declined to proceed pro se. Judge Allen threw out the second Order of Protection and stated it was because of Mr. Brown's motion of petitioner. Judge Allen left Mr. Brown no choice, it was either proceed pro se or he was throwing out the case. He violated Mr. Brown's fourteenth amendment.

12. June 8, 2016, Ms. Helenhouse who receives special treatment from Judge Allen because of her official role as a guardian ad litem, then filed an emergency petition for visitation. I then filed a written objection along with a request for a complete investigation into the allegations made by Ms. Helenhouse into my DCFS case. The objection was entered and which also mentions the fact that because of the Bishop's deceitfulness, and in violation of the Illinois compiled statue, my decision was made under duress. Judge Allen ordered the investigation into claims made by the Bishop's. I requested to enter evidence of video and audio of Ann Bishop's violation of the law. Judge Allen again told me to get a lawyer and would not accept the evidence that clearly shows Mrs. Bishop, committing a battery on a minor, Darrius Brown Jr. whom is also a protected class. The voicemails were also trying to be admitted at that time. The video also showed deceit by Mrs. Bishop due to her constant use of a walker in the courtroom only. The Court Order states all parties shall have 28 days to respond to my Objection to Visitation. A new GAL was added for minor, Alyssa Shirley and the previous GAL was appointed to my children who remain in my custody.

13. July 21, 2016 I had 3 motions before the court one was an Interm Bill of Cost that was to support the GAL whom had petitioned the court to be paid for all her work thus far. I filed a Motion for Sanctions against my parents attorney because based on the supporting evidence from DCFS, I believe Ms. Helenhouse violated Rule 137. I also had an Objection to a court date set forth by Pennie Helenhouse a Motion to Consolidate my divorce from 2004, which had child support ordered. She also wanted to take all child support (I have solely supported minor, Alyssa Shirley since 2006 and just again began receiving child support along with back child support). Ms. Helenhouse also wanted me to pay child support and to again address visitation.

14. 750 ILCS A 5/508 A "1 and 3" It mimics the Federal Rules of Civil Procedures, Bill of Cost. Where the prevailing party is ordered to pay for maintenance or defense of any proceeding under this act. The maintenance or defense of a petition brought under Section 2-1401 of the Code of Civil Procedure seeking relief from a final order or judgement under this act. Judge Allen ignored all my motions and the evidence along with it. I was denied the opportunity to even attempt to speak in my own defense. Ms. Helenhouse made her argument and all my motions were stricken. Including all evidence that went along with it. This included an "unfounded" DCFS letter to both myself and Mr. Brown, proving the original accusations to be false. Ms. Helenhouse then argued to strike my Objection to Visitations which Judge Allen also agreed with. Even though, per his court order on June 8 all parties had 28 days to respond. GAL Ms. Wengler agreed that this was ordered. Ms. Helenhouse said she couldn't understand the motion. By her word, and her word alone, Judge Allen continued to violate my right to due process by striking the Objection. Going against his own court order and ordered me to file "proper objection" within 21 days. Only Ms. Helenhouse had a problem with the motion. To protect the facts that were stated within, the motion was stricken.

15. Judge Allen asked my finical status and I informed him I make 500 bi weekly at one job, and 70 bi weekly at the other job. Judge Allen refused to listen to anything I said and as I attempted to speak told me we were not even going to go there. Judge Allen told me my

time would be better spent looking for a lawyer than writing jumbled motions. My motions were not jumbled when he entered it and made a court order based off my motion. The judge then ordered I pay 1000 dollars to each (2) GAL as a retainer within 28 days.(For a proceeding I did not initiate, and had he not thrown out all my evidence I would have prevailed.) I was also to give a sworn affidavit of my assets. Which I submit to the court at this time. In my in forma pauperis motion.

16. I asked Judge Allen for the final order and Judge Allen told me that he would be issuing a Court Order that he would sign. This was not what I was asking for and he knew that I wanted to appeal his decision, since Mr. Brown had already began an appeal for the Orders of Protection. Judge Allen also without my knowledge or without me having a chance to speak granted Pennie Helenhouse's oral motion to look into the Order Of Protection filed by Mr. Brown. I was not privy to this oral motion and only found out when I was sent this information after the fact to my residence.
17. Judge Allen in 1996 was the head of the Joliet county legal assistance program that provides lawyers to indigent clients in civil cases. Judge Allen stated to the Chicago Tribune "All-Republican judges in Will County is no different from all-Democratic judges in Cook County." Allen said "It makes room for mischief."

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Wherefore plaintiff prays this Court issue equitable relief as follows:

1. Issue injunctive relief commanding defendant to allow me to proceed pro se.
2. Allow the DCFS findings and reports to speak for themselves and not be inturpritted by GAL's.
3. Stop discriminating against me because of my gender and choice of male companionship regardless of race.
4. To address the violation of ILCS by the Bishop's and the fact that my decision to give up custody was made under duress.
5. Allow me the right to a fair trial and fair hearings which is guaranteed to me by the Constitution of the United States.
6. Issue declaratory relief as this Court deems appropriate and just.
7. Issue other relief as this Court deems appropriate and just.
8. Award plaintiff the cost of litigation, maintenance, and defense of all costs including missing salary.
9. Order that Minor, Alyssa Shirley undergoes proper treatment for her mental health. Which was initiated before I gave up custody. I ask that this will be done before any visitation is entertained with my other minors in my custody, who are in fear of any contact with minor Alyssa Shirley and her current Guardians, the Bishop's.

10. That Pennie Helenhouse be Sanctioned for several violations of the IL Supreme Court Code of Ethics. Rule 137, Rule 11 2-611, Rule 8.4 A 3, and Rule 3.1.
11. I request that Judge Allen stops letting Pennie Helenhouse who is not working in her official capacity, engage in ex parte communications with my the GAL representing my children in person, Colleen Wengler.

Respectfully Submitted,

Jamie Hollingsworth



**Bruce Rauner**
Governor

**Illinois Department of DCFS Children & Family Services**

**George H. Sheldon**
Director

June 13, 2016

Brown, Darius
2713 Ruth Fitzgerald Dr
Plainfield, IL 60586-7207

RE: SCR#: 2230047A
CASE NAME: Hollingsworth, Jamie
REPORT DATE: 02/26/2016

Dear Darius Brown:

You were previously notified that the Department of Children & Family Services ("DCFS") was investigating a report of suspected child abuse or neglect in fulfillment of its duties under the Abused & Neglected Child Reporting Act, 325 ILCS 5/1 et seq.

After a thorough evaluation, DCFS has determined the report to be "unfounded." This means that no credible evidence of child abuse or neglect was found during this investigation and that your name will not be listed as a perpetrator of child abuse or neglect on the State Central Register. This does not necessarily mean that an incident did not occur. An incident may have occurred but the evidence did not rise to the level required to indicate for abuse or neglect as dictated by state law and DCFS Administrative Rule.

DCFS will maintain a copy of this investigative report for a period of one to three years depending on the specific allegation(s) that was investigated in accordance with the provisions of the Abused and Neglected Child Reporting Act. The State Central Register is confidential under state law and not available to the general public.

If you believe that an intentional false report was made to DCFS, you have the right to request that DCFS maintain the report as an intentional false report. Your request to have the report maintained as an intentional false report must be in writing and must be postmarked within 10 days of the date of this letter. Your request must be sent to the State Central Register, 406 East Monroe Street, Station 30, Springfield, Illinois 62701-1498.

State Central Register
406 E. Monroe, Sta. 30 • Springfield, Illinois 62701
217-785-4010
www.dcfs.illinois.gov

#0003 v12


Exhibit A1



**Bruce Rauner**
Governor

**Illinois Department of DCFS Children & Family Services**

**George H. Sheldon**
Director

June 13, 2016

Hollingsworth, JAMIE
2713 Ruth Fitzgerald Dr
Plainfield, IL  60586-7207

RE: SCR#: 2230047A
    CASE NAME: Hollingsworth, Jamie
    REPORT DATE: 02/26/2016

Dear JAMIE Hollingsworth:

You were previously notified that the Department of Children & Family Services ("DCFS") was investigating a report of suspected child abuse or neglect in fulfillment of its duties under the Abused & Neglected Child Reporting Act, 325 ILCS 5/1 et seq.

After a thorough evaluation, DCFS has determined the report to be "unfounded." This means that no credible evidence of child abuse or neglect was found during this investigation and that your name will not be listed as a perpetrator of child abuse or neglect on the State Central Register. This does not necessarily mean that an incident did not occur. An incident may have occurred but the evidence did not rise to the level required to indicate for abuse or neglect as dictated by state law and DCFS Administrative Rule.

DCFS will maintain a copy of this investigative report for a period of one to three years depending on the specific allegation(s) that was investigated in accordance with the provisions of the Abused and Neglected Child Reporting Act. The State Central Register is confidential under state law and not available to the general public.

If you believe that an intentional false report was made to DCFS, you have the right to request that DCFS maintain the report as an intentional false report. Your request to have the report maintained as an intentional false report must be in writing and must be postmarked within 10 days of the date of this letter. Your request must be sent to the State Central Register, 406 East Monroe Street, Station 30, Springfield, Illinois 62701-1498.

State Central Register
406 E. Monroe, Sta. 30 • Springfield, Illinois 62701
217-785-4010
www.dcfs.illinois.gov

#0003 v12


Exhibit A1

STATE OF ILLINOIS )
                )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

In Re Estate of
**Plaintiff**

vs

Alyssa Shirley
**Defendant**

CASE NO: 12 P543

## COURT ORDER

This matter comes before the court on Emergency Petition for Visitation. Present are Co-Guardians, individually & by counsel, Colleen Wengler & Jamie Hollingsworth. The court is advised on the premises and orders as follows:

1) The court being fully advised discharges Colleen Wengler as GAL for Alyssa Shirley & appoints Theresa Pollinger

2) The court appoints Colleen Wengler as GAL for Brenton Bishop, Caleb Hollingsworth, Darcy Hollingsworth and Ella Hollingsworth

3) The emergency Petition for Visitation is entered and continued for status and setting for hearing on ~~August 10 2016; 9:00am;~~ September 8

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

Dated: _____, 20____
Entered: _____
           Judge

1/3

PAMELA J. McGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY

White – Court  Yellow – Plaintiff  Pink – Defendant

17 D Revised (06/06)

STATE OF ILLINOIS )
)SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

In re Estate of
_____
**Plaintiff**
Brinton Bishop, Alyssa Shirley
vs
Caleb Darcy & Ella Hollingsworth
**Defendant**

CASE NO: 12 P 543

### COURT ORDER

4) This matter set for August 1, 2016 on Motion to Consolidate & Redirection of child support in 2014 D 829.

5) The court date of September 8, 2016 is stricken.

6) Jamie Hollingsworth shall have 21 days to file a proper objection to visitation, but court has taken notice of her oral objection.

7) Donnie & AnnMarie Bishop shall pay $500.00 to Theresa Dollinger & $500 to Colleen Wengler as retainer for GAL fees within 28 days.

8) Jamie Hollingsworth shall pay $1,000 to Colleen Wengler and $1,000 to Theresa Dollinger/Castle Law as Retainer for GAL fees within 28 days.

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

Dated: _____, 20____

Entered: _____
Judge

3/4

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court    Yellow – Plaintiff    Pink – Defendant          17 D Revised (06/06)

STATE OF ILLINOIS )
                  )SS
COUNTY OF WILL    )

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

In Re Estate

**Plaintiff:** Bishop, Shirley
vs
**Defendant:** Hollingsworth, Minors

**CASE NO:** 12 P543

## COURT ORDER

a) This matter set for September 20, 2016 at 9:00 am for presentation of GAL Reports & hearing on Motion for Visitation, Allocation of GAL Fees previously approved, and establishing repayment schedule for J. Hollingsworth to return sums to minors' accounts.

Attorney or Party, if not represented by Attorney
Name: Helenhouse
ARDC #: 6271103
Firm Name: Rennie M Hylenhouse SPPC
Attorney for: Bishops
Address: 617 Rollingwood Dr
City & Zip: Shorewood 60404
Telephone: 815-744-1074

Dated: 7/21, 2016

Entered: _____ Judge

4/4

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court    Yellow – Plaintiff    Pink – Defendant                    17 D Revised (06/06)

STATE OF ILLINOIS )
                     )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

In re Estate of Hollingsworth, Minors.

~~Plaintiff~~
vs
~~Defendant~~

CASE NO: 12 P 543

## COURT ORDER

This matter comes before the Court for hearing on GAL Colleen Wengler's Petition for Interim Fees, due notice having been given and there being no objection, the Court hereby orders:

(1) Ms. Wengler's fees in the amount of $2,506.25 are usual and customary and are approved;

(2) Guardians of Alyssa Shirley, Donnie Bishop and Annmarie Over-Bishop, shall pay the GAL the sum of $1,268.75 within 30 days. Said fees having been related to services rendered in the hearing on their Petition for Guardianship and the Order of Protection involving Alyssa Shirley;

(2) The remaining fees due to GAL Wengler in the amount of $1,237.50 shall be allocated by the Court on September 20, 2016, said fees having been for services rendered for the review of vouchers, in the amount of $787.50, and for investigation into the request for visitation filed by the Guardians on behalf of Alyssa Shirley as visitation relates to the remaining minors best interest in the amount of $450.00.

Attorney or Party, if not represented by Attorney
Name Wengler
ARDC # 6274311
Firm Name
Attorney for GAL Brenton, Caleb, Daisy
Address aurelia
City & Zip 181 N Hammes
Telephone (800) 6043
515 730 6968

Dated: July 21, 20 16

Entered: /s/ [signature]
           Judge

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court    Yellow – Plaintiff    Pink – Defendant            17 D Revised (06/06)

STATE OF ILLINOIS )
                    )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

In RE ESTATE OF _____
**Plaintiff**

vs.

Brenton Bishop, Alyssa Shirley, Caleb, Darcy & Ella Hollingsworth
**Defendant**

CASE NO: 12 P543

### COURT ORDER

This matter comes before the court on Petition for GAL Fees filed by GAL Wengler, Motion for Bill of Costs, Motion for Sanctions, and approval of vouchers, objection to Motion to Consolidate. Present are Jamie Hollingsworth, Theresa Dollinger, Colleen Wengler, Pennie Helenhouse. Also upon status of motion for Visitation. The court is advised on the premises. GAL Dollinger makes oral motion to have access to DCFS records subpoenaed by GAL Wengler. Ms Helenhouse makes oral motion to strike the Motion for Bill of Costs, Motion for Sanctions, Objection to Motion to Consolidate, Objection to Motion for Visitation.

Attorney or Party, if not represented by Attorney
Name: Helenhouse
ARDC #: 6211037
Firm Name: Pennie M Helenhouse PC
Attorney for: Bishops / GDP - Alyssa Shirley
Address: 617 Rollingwood Dr
City & Zip: Shorewood 60404
Telephone: 815-744-6704

Dated: _____, 20____

Entered: _____
                Judge

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court   Yellow – Plaintiff   Pink – Defendant          17 D Revised (06/06)

STATE OF ILLINOIS )
                       ) SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNT, ILLINOIS

In Re Estate 1,
**Plaintiff**
Brenton Bishop vs Alyssa Shirky
Caleb Darcy & Ella Hollingsworth
**Defendant**

CASE NO: 12 P 543

### COURT ORDER

After argument, the Court orders as follows:

1) Theresa Dollinger shall have access to all subpoena responses received by Ms Wengler, pursuant to protective order.

2) Vouchers are approved. Jamie Hollingsworth shall have 21 days to file an Affidavit of Assets ~~Liabilit~~ Liabilities Income & Expenses. The court shall consider a schedule ~~for~~ for Jamie Hollingsworth to repay the $5,000.00 to minors' estates on September 20 2016

3) Over objection of Jamie Hollingsworth the following are ~~stken~~ stricken from the record: Objection to Motion for Visitation, Motion for Sanctions, Motion for Bill of Costs, Objection to Motion to Consolidate.

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

Dated: _____, 20____
Entered: _____
Judge

28/4

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court     Yellow – Plaintiff     Pink – Defendant     17 D Revised (06/06)

STATE OF ILLINOIS )
              )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNT Y, ILLINOIS

In re Estate of
_____
**Plaintiff**
Brinton Bishop, Alissa Shirley
Caleb Toney & Ella Hollingsworth
**Defendant**

CASE NO: 12 P 543

### COURT ORDER

4) This matter set for August 1, 2016 on Motion to Consolidate & Redirection of child support in 2014 D 829.

5) The court date of September 8, 2016 is stricken.

6) Jamie Hollingsworth shall have 21 days to file a proper objection to visitation, but court has taken notice of her oral objection.

7) ~~Donnie~~ & Ann Marie Bishop shall pay $500 to Theresa Dollinger & $500 to Colleen Wengler as retainer for GAL fees within 28 days.

8) Jamie Hollingsworth shall pay $1,000 to Colleen Wengler and $1,000 to Theresa Dollinger/Castle Law as retainer for GAL fees within 28 days.

Attorney or Party, if not represented by Attorney
Name _____
ARDC # _____
Firm Name _____
Attorney for _____
Address _____
City & Zip _____
Telephone _____

Dated: _____, 20____

Entered: _____
                    Judge

3/4

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court   Yellow – Plaintiff   Pink – Defendant          17 D Revised (06/06)

STATE OF ILLINOIS )
              )SS
COUNTY OF WILL )

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

In Re Estate
**Plaintiff**
Bishop, Shirley
vs
Hollingsworth
**Defendant** Minors

CASE NO: 12 P543

## COURT ORDER

a) This matter set for September 20, 2016 at 9:00 am for presentation of GAL Reports & hearing on Motion for Visitation, Allocation of GAL Fees previously approved, and establishing repayment schedule for J. Hollingsworth to return sums to minors' accounts.

Attorney or Party, if not represented by Attorney
Name: Helen House
ARDC #: 6271103
Firm Name: Pennie M Hylerhou SPPC
Attorney for: Bishops
Address: 617 Rollingwood Dr
City & Zip: Shorewood 60404
Telephone: 815-744-1074

Dated: 7/21, 2016
Entered: _____ Judge

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court   Yellow – Plaintiff   Pink – Defendant           17 D Revised (06/06)